```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES MURPHY, *on behalf of all other persons*        :
*similarly situated*,                                 :
                                                      :
                                      Plaintiff,      :          1:19-cv-09921-GHW
            -against-                                 :
                                                      :          MEMORANDUM OPINION
KOHL'S DEPARTMENT STORES, INC.,                       :              AND ORDER
                                                      :
                                      Defendant.      :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       This is another case where a visually impaired person has sued a retailer for failing to stock

Braille or otherwise accessible gift cards.  Because this complaint suffers from the same pitfalls as

those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y.

Apr. 23, 2020), the Court comes to the same conclusion and GRANTS Defendant's motion to

dismiss.

       **I.    BACKGROUND**

       Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively

straightforward.

       Kohl's Department Stores, Inc. ("Defendant" or "Kohl's"), like many other retailers, offers

consumers the opportunity to purchase "pre-paid cash cards, colloquially referred as 'store gift

cards,'" that can be used in place of cash at its stores.  FAC ¶ 4 & n.2.  Though they look and feel

like credit cards, *see* FAC ¶ 35, they are redeemable only at "a specified merchant or affiliated

merchants."  FAC ¶ 29 & n.4.

       On October 22, 2019, James Murphy ("Plaintiff") called a Kohl's customer service office to

ask whether its stores sold Braille gift cards.  *See* FAC ¶ 16.  An employee told him that Kohl's did

not.  *See* FAC ¶ 16.  During that call, the employee did not offer Plaintiff any alternative auxiliary

aids or services.  *See* FAC ¶ 17.  Sometime later, Plaintiff unsuccessfully attempted to locate accessible Kohl's gift cards on his own.  *See* FAC ¶ 18.  The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its retail stores."  FAC ¶ 42.  As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one.  FAC ¶ 45.

Plaintiff sued Kohl's under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees.  FAC ¶ 10.

Kohl's moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   ANALYSIS

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2.  The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of his intent to return to Kohl's, he, like the plaintiff in *Banana Republic*, lacks standing to assert his ADA claim.  The difference between the two complaints are slight:  unlike Dominguez, Murphy asserts that he lives on the same street as one of Defendant's retail store Defendant's retail store at 271 W. 23rd St, New York, NY.  FAC ¶ 25.  Like Dominguez, Murphy generically asserts only that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store."  FAC ¶ 21.  Although the identification of a single Kohl's store near his home provides the slightest bit more color than the

plaintiff's complaint in *Banana Republic*, Plaintiff still fails to plausibly allege an intent to return to Kohl's.  The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits."  *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008) (per curiam)).  And because the Court may "refer to evidence outside the pleadings" when adjudicating a Rule 12(b)(1) motion, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), the Court notes that there is no Kohl's retail store located at that address. Indeed, there are no Kohl's stores anywhere in Manhattan.  *See* Kohl's Store Locations, https://www.kohls.com/stores/ny.shtml (last visited April 24, 2020); *see also* Defendant's Opposition, Dkt. No. 24 at 20.  Regardless, Murphy never asserts, for instance, that he regularly visits department stores to do his shopping.  *See Banana Republic,* 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*.  *See* 2020 WL 1950496, at *5–12.  Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims.  *See Banana Republic*, 2020 WL 1950496, at *5, 12.

## III.    CONCLUSION

This case is indistinguishable from *Banana Republic*.  It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED.  Within fifteen days, Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions he has had with Kohl's.  If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23.

SO ORDERED.

Dated:  April 24, 2020

_____
GREGORY H. WOODS
United States District Judge

4